UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS CR 07-00156-01S

JOSE GABBIDON

MOTION FOR VARIANT SENTENCE
WITH INCORPORATED MEMORANDUM

Now comes the Defendant, by counsel, and moves this Honorable Court to consider the imposition of a sentence that varies from the sentence called for by the United States Sentencing Guidelines. In support of said motion, the Defendant sets forth the following:

I. Pretrial Sentencing Report Guideline Range. The presentence report establishes a guideline range of between 12 and 18 months. There is a detainer lodged by the Bureau of Immigration and Customs Enforcement. The Defendant has been in federal custody since November 27, 2007.

II. Consideration of 18 U.S.C. 3553(a) sets forth factors which when applied to the Defendant's case favor a sentence the varies from the guidelines:

a. Defendant's history and characteristics. Mr. Gabbidon re-entered the United States to join his family and not to commit crime. The presetence report sets forth the consistent hard work and responsibility shown by Mr. Gabbidon as to his family and employment since his return.

b. Seriousness of offense, need for deterrence. Mr. Gabbidon has forthrightly in his statement of responsibility accepted the seriousness of his crime and has made an affirmative representation that he will not consider or reoffend by entering the United States without prior written permission. It is suggested to the Court that if the statement

of Jose Gabbidon be believed, then the imposition of some term of imprisonment is sufficient to serve to deter him, and others, from committing the crime of reentry without approval.

c. Need for treatment. Mr. Gabbidon needs no treatment for drugs. Mr. Gabbidon has an Associates Degree, comes from a highly educated family, and is not in need nor would benefit from any educational or vocational program available to him within the period of time of his incarceration.

d. Lack of a "fast track program" in the District of Rhode Island. This court may consider the lack of a fast track program in Rhode Island and may impose a sentence below the guidelines to account for the same. See, United States v. Galvez-Barrios, 355 F.Supp.2d 958 (E.D. Wisc., 2005). The United States Sentencing Commission itself has recognized that the lack of uniform policies nationwide that geographical disparities between sentences may be at odds with the stated goal of reducing unwarranted disparities. USSC, Report to Congress: Downward Departures From the Federal Sentencing Guidelines, 66,67 (Oct., 2003).

e. Deportation. Mr. Gabbidon will be subject to reinstatement of his order and removal from the United States upon completion of his sentence. He will not be eligible for a six month half way house placement placement permitted under 18 U.S.C. 3624(c).

III. Sentencing Request of Defendant. Jose Gabbidon requests tha
t the Court

consider a variant sentence that sentences him to time served so as to allow the Immigration and Customs Enforcement detainer to be effected.

Respectfully submitted,

Robert D. Watt Jr.
84 Ship Street
Providence, Rhode Island 02903
401-861-8810
wattesq@aol.com

CERTIFICATION

I hereby certify that I caused a copy of the within motion to be served upon John McAdams, AUSA, on the 14th day of May, 2008 by way of hand delivery and facsimile transmission.

Robert D. Watt Jr.